

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 1 8 2017

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | FILED UNDER SEAL |
| | § | BY_____ DEPUTY |
| v. | § | CAUSE NO. 4:17-CR-09 |
| | § | Judge Crone |
| THEODORE WILLIAM TAYLOR (1) | § | |
| a/k/a Tad Taylor | § | |
| CHIA JEAN LEE (2) | § | |
| a/k/a Chia Lee Taylor | § | |

## INDICTMENT

The United States Grand Jury Charges:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to Distribute, Dispense, and Possess with Intent to Distribute and Dispense Controlled Substances)

At all times material to this Indictment:

### THE DEFENDANTS

1. Defendant, Theodore William TAYLOR ("TAYLOR"), was a medical doctor who operated a medical clinic located at 403 West Campbell Road, Richardson, Texas ("Clinic #1"), and operated a medical clinic located at 1920 N. Collins Boulevard, Richardson, Texas ("Clinic #2").

2. Defendant, Chia Jean LEE ("LEE"), was TAYLOR's wife and managed Clinic #1 and Clinic #2 and provided medical assistance to TAYLOR at those locations.

## CONTROLLED SUBSTANCE LAWS

3. The Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et seq. and its implementing regulations in 21 C.F.R. §1301 et seq., governed the possession, manufacture, distributing, dispensing, administering, and prescribing of controlled substances within the United States. Those laws established a closed system of distribution for drugs and other substances, which were defined by law as "controlled substances" and assigned to one of five schedules (Schedule I, II, III, IV, & V) depending upon their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under direct medical supervision.

4. 21 U.S.C. § 841 made it a crime for all persons to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance." 21 U.S.C. § 846 made it a crime to attempt to violate 21 U.S.C. § 841 or conspire with others to do so.

5. Federal law created a limited exception to 21 U.S.C. § 841 for certain licensed medical practitioners who possessed, manufactured, distributed, or dispensed controlled substances in connection with legally authorized medical practice. Medical practitioners, such as physicians, were prohibited from distributing or dispensing controlled substances unless expressly authorized by law to do so and only in compliance with applicable rules, regulations, and laws of the State(s) where the practitioner was licensed to practice.

6. 21 C.F.R. § 1306.04(a) governed the issuance of a valid medical prescription and provided: "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his

professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of [the CSA] and the person knowingly filling such a purported prescription, as well as the person issuing it, is subject to the penalties provided for violations of the provisions relating to controlled substances."

7. To be authorized to write or dispense prescriptions for controlled substances, medical practitioners were required to comply with State law governing the practice of medicine, including obtaining applicable State licensure and a registration from the Drug Enforcement Administration.

8. Texas laws and regulations, including the rules of the Texas Medical Board, regulated the licensing and practice of medical doctors and other medical practitioners in Texas. Those laws governing the practice of medicine were established to ensure that every physician practicing in Texas met the minimum standards and requirements for safe practice.

9. For example, § 481.071(a) of the Texas Health and Safety Code provided that a medical practitioner "may not prescribe, dispense, deliver, or administer a controlled substance or cause a controlled substance to be administered under the practitioner's direction and supervision except for a valid medical purpose and in the course of medical practice."

10. Section 164.053 of the Texas Occupations Code prohibited medical practitioners from, among other things, writing prescriptions for or dispensing medication to a person the practitioner knew or should have known was an abuser of controlled substances; writing false or

fictitious prescriptions for controlled substances; prescribing a drug that is nontherapeutic in nature or in the manner prescribed; and prescribing or dispensing drugs in a manner inconsistent with public health and welfare.

## THE CONSPIRACY

11. From in or about January 2010 and continuing through in or about February 2012, in Collin County, Texas, in the Eastern District of Texas and elsewhere, the Defendants herein, TAYLOR and LEE, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together with each other and with other persons known and unknown to the grand jury to knowingly, intentionally, and unlawfully distribute, dispense, and possess with the intent to distribute and dispense controlled substances in violation of 21 U.S.C. § 841 as described below.

    a. TAYLOR, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, wrote prescriptions for individuals in exchange for money, which prescriptions authorized the individuals to obtain medications containing a detectable amount of the following controlled substances:

- oxycodone, a Schedule II controlled substance;
- amphetamine salts, a Schedule II controlled substance;
- hydrocodone, a Schedule III controlled substance;
- alprazolam, a Schedule IV controlled substance; and
- promethazine with codeine, a Schedule V controlled substance.

  b. Those individuals had the prescriptions filled at pharmacies located in the Eastern District of Texas and elsewhere and then distributed and possessed with the intent to distribute the controlled substances, in violation of 21 U.S.C. § 841.

  c. TAYLOR and LEE knew the conduct described above was unlawful and willfully agreed with each other and others to further it.

All in violation of 21 U.S.C. § 846.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense charged in this Indictment, the Defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, all their right, title, and interest to any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the offense, and any property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense, including but not limited to the following:

- $21,615 in cash seized at the Defendants' residence in Plano, Texas, on or about February 2, 2012.
- $1,389 in cash seized from Clinic #2 on or about February 2, 2012.
- All medical practitioner licenses and registrations, including any medical, nursing, or other license related to the medical profession issued by the State of Texas or any other state, and any Drug Enforcement Administration registration or analogous federal or state registration or licensure.
- Substitute assets as authorized by 21 U.S.C. § 853(p).

A TRUE BILL,

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
Acting United States Attorney

By:

_____
STEVAN A. BUYS
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CAUSE NO. 4:17-CR-___ |
| | § | Judge _____ |
| THEODORE WILLIAM TAYLOR (1) | § | |
| a/k/a Tad Taylor | § | |
| CHIA JEAN LEE (2) | § | |
| a/k/a Chia Lee Taylor | § | |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. § 846

Penalty: A term of imprisonment, a fine, and a term of supervised release based on the category of controlled substance involved as follows:

| DRUG CATEGORY | IMPRISONMENT | FINE | SUPERVISED RELEASE |
|---|---|---|---|
| Schedule II | not more than 20 years | not to exceed $1,000,000 | at least 3 years |
| Schedule III | not more than 10 years | not to exceed $500,000 | at least 2 years |
| Schedule IV | not more than 5 years | not to exceed $250,000 | at least 1 year |
| Schedule V | not more than 1 year | not to exceed $100,000 | not more than 1 year |

Special Assessment: $100