IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CAUSE NO. 4:17-CR-09-MAC-CAN |
| | § | |
| THEODORE WILLIAM TAYLOR (1) | § | |
| a/k/a Tad Taylor | § | |
| CHIA JEAN LEE (2) | § | |
| a/l/da Chia Lee Taylor | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Defendants Theodore William Taylor and Chia Jean Lee ("Defendants") jointly move to dismiss the indictment against them, claiming the Eastern District of Texas is the improper venue. On September 13, 2017, the District Court referred this motion to the undersigned magistrate judge for consideration and a determination or recommended disposition pursuant to the applicable laws and orders of this Court [Dkt. 38]. After reviewing the Indictment [Dkt. 1], Motion to Dismiss [Dkt. 31], the Government's opposing brief [Dkt. 37], Defendants' reply [Dkt. 39], and any other relevant filings, the Court recommends that Defendants' Motion to Dismiss be **DENIED**.

**BACKGROUND**

On January 18, 2017, an indictment was filed alleging that between January 2010 and continuing through February 2012, Defendants were engaged in a conspiracy to distribute, dispense, and possess with intent to distribute and dispense controlled substances in violation of 21 U.S.C. § 846. The indictment alleges Defendant Taylor is a medical doctor who operated two clinics in Richardson, Texas, and his wife, Defendant Lee, managed the clinics and assisted

REPORT AND RECOMMENDATION – Page 1

Defendant Taylor at those locations. The conspiracy is alleged to have occurred "in Collin County, Texas, in the Eastern District of Texas and elsewhere." The indictment alleges that in exchange for money, Defendant Taylor prescribed oxycodone, amphetamine, hydrocodone, alprazolam, and promethazine with codeine to individuals for no legitimate medical purpose, with the prescriptions filled at pharmacies located in the Eastern District of Texas.

## ANALYSIS

Defendants move to dismiss the indictment, claiming the Eastern District of Texas is not the proper venue for prosecuting the charges. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ." U.S. CONST. amend. VI. Under Rule 18 of the Federal Rules of Criminal Procedure:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18. Except as otherwise expressly provided by statute, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

Venue is determined "from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703 (1946). Venue "is properly based on a preponderance of the evidence showing the commission of any single act that was part of the beginning, continuation, or completion of the crime." *United States v. Solis*, 299 F.3d 420, 445 (5th Cir. 2002). The government must prove venue by the preponderance of the evidence; circumstantial evidence alone is sufficient to establish venue. *Id.*

In conspiracy cases, venue is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed. *United States v. Pomranz*, 43 F.3d 156, 158–59 (5th Cir. 1995). Venue may lie in any district where an overt act was committed, even if the defendant was never physically present in that district. *United States v. Winship*, 724 F.2d 1116, 1125 (5th Cir. 1984)

Defendants claim the Eastern District of Texas cannot be the proper venue for pursuing the pending charges against Defendants. Noting the indictment identifies no overt acts that occurred in the Eastern District of Texas, Defendants argue "[i]t is clear from the face of the indictment that neither the alleged agreement itself (the gravamen of any conspiracy), nor the defendants' overt acts in furtherance of the conspiracy occurred in the Eastern District of Texas." [Dkt. 31 at 1]. Defendants explain "the purpose of the indicted conspiracy in this case could only be accomplished by Dr. Taylor seeing his patients at the clinics, treating them, and prescribing controlled substances to them," all of which occurred at clinics located in the Northern District of Texas [Dkt. 31 at 10].

Defendants' Motion challenges the language of the indictment, claiming the government cannot prove that the conspiracy, or any part of it, occurred in the Eastern District of Texas. But a court cannot dismiss a facially valid indictment based on a pre-trial determination that the government's evidence is insufficient:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. U.S.*, 350 U.S. 359, 363 (1956).

The government must prove venue at trial, not in response to a pretrial motion to dismiss. An indictment alleges proper venue if, on its face, "it alleges facts which, if proven, would . . . sustain venue in the district alleged, as only the indictment may be considered in pretrial motions for lack of venue, and the allegation must be taken as true." *United States v. Delgado-Nunez*, 295 F.3d 494, 499–500 (5th Cir. 2002). As such, Defendants are not entitled to a hearing on a pretrial motion to dismiss for improper venue. *United States v. Valencia-Munoz*, No. 1:09-CR-025, 2010 WL 4962972, at *3 (N.D. Ga. Oct. 26, 2010), *report and recommendation adopted*, No. CIV. 1:09-CR-025, 2010 WL 4965873 (N.D. Ga. Dec. 1, 2010).

Here, the indictment alleges Defendants engaged in an illegal drug conspiracy "in Collin County, Texas, in the Eastern District of Texas and elsewhere." [Dkt. 1] At the pretrial motion stage, this allegation, presumed to be true for the purposes of Defendants' Motion to Dismiss, is sufficient to show venue in this district. *United States v. Nichols*, No. 4:09-CR-222, 2011 WL 577403, at *2 (E.D. Tex. Jan. 4, 2011), *report and recommendation adopted*, No. 4:09-CR-222, 2011 WL 577402 (E.D. Tex. Feb. 9, 2011) (holding venue was sufficient where the indictment charged Defendant with committing a drug offense in the Eastern District of Texas and elsewhere); *United States v. Bonds*, No. 4:09-CR-92, 2012 WL 1802448, at *1-2 (E.D. Tex. Apr. 2, 2012), *report and recommendation adopted*, 2012 WL 1802443 (E.D. Tex. May 17, 2012) (Crone) (holding allegation that drug conspiracy occurred "in Eastern District of Texas and elsewhere" sufficient to provide venue); *United States v. Emilor, S.A.*, No. 6:07-CR-1, 2008 WL 2152279, at *18 (E.D. Tex. May 21, 2008) (venue proper where indictment's venue allegation stated crime occurred "in the Eastern District of Texas and elsewhere"); *United States v. Bays*, No. 3:13-CV-357-B, 2014 WL 12691742, at *2-3 (N.D. Tex. Apr. 8, 2014) (holding venue

proper, at this stage, where indictment alleged conspiracy occurred "in the Northern District of Texas and elsewhere"); *United States v. Dorceant*, No. 10-CR-47-JD, 2010 WL 3122814, at *3 (D.N.H. Aug. 9, 2010) (denying motion to dismiss where the indictment alleged the drug conspiracy occurred "in the District of New Hampshire and elsewhere"); *Valencia-Munoz*, 2010 WL 4962972. at *3 (holding where the indictment alleges proper venue, the indictment will not be dismissed; a jury must decide whether the venue was proper); *United States v. Hogan*, No. CRIM.07-30178-WDS, 2009 WL 1674249, at *1 (S.D. Ill. June 15, 2009) (denying a motion to dismiss for improper venue where, despite Defendant's evidentiary challenge, the indictment stated the conspiracy in the "Southern District of Illinois, the Eastern District of Missouri and elsewhere"); *United States v. Valencia Rugeles*, No. S1 04CR363(JGK), 2007 WL 1540981, at *2 (S.D.N.Y. May 24, 2007) (holding that at the pretrial motion to dismiss stage, allegations in the indictment were presumed true and sufficient to allege venue in the Southern District of New York).

Defendants' Joint Motion to Dismiss the indictment for Improper Venue should be denied without a hearing.[1]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendants' Joint Motion to Dismiss for Improper Venue [Dkt. 31] be **DENIED** at this time.

---

[1] The Court is careful to note that in making this recommendation it does not rule on the sufficiency of the evidence that either side has or will present in this case. Nor does it find that the Government has conclusively established the facts alleged in the indictment. Rather, the Court finds that Defendants' arguments that the Government's allegations fail as a matter of law to establish venue are incorrect. Of course, whether venue is ultimately proper within this district can be reconsidered in a motion for judgment of acquittal at a later stage in this litigation.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 20th day of September, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE