## UNITED STATES DISTRICT COURT       EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal Action No. 4:17cr9 |
| | § | |
| THEODORE WILLIAM TAYLOR, ET AL. | § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 17, 2018, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Joint Motion to Suppress (#57) be denied.

## RELEVANT BACKGROUND

Defendants seek to suppress "any evidence and/or testimony regarding the items seized from the [Defendants'] home, the statements of [Defendant] Lee, and the items seized from the safety deposit box" (#69 at p. 6-7). On September 11, 2018, the Court held a Hearing on Defendants' Motion, at which Defendants articulated four (4) arguments in support of suppression: (1) the House Search Warrant lacks probable cause, (2) the House Affidavit is "bare bones," (3) the good faith exception does not apply because the House Search Warrant is lacking in indicia of probable cause, and (4) Defendant Lee's statements and the existence of the warrant for the safety deposit box should be suppressed under the fruit of the poisonous tree doctrine (#70 at p. 9, 12, 16-17). Thereafter, the Magistrate Judge entered a written Report and Recommendation, recommending that the Court deny Defendants' Joint Motion to Suppress (#57).

The Magistrate Judge concluded that the House Affidavit was not bare bones and that there was sufficient indicia of probable cause to support the affidavit. The Magistrate Judge further specifically found a sufficient nexus between the alleged criminal conduct occurring at Defendants' medical clinic and Defendants' home to support a search of the home. In making these findings, the Magistrate Judge indicated that she did not refer or rely upon the Declaration of Susannah Herkert ("DI Herkert") attached as Exhibit One to the Government's Response to Defendant's Joint Motion to Suppress (#65-1)—which Defendants sought to strike (#68). Defendants each filed objections to the report, which are identical in substance, on September 19, 2018 (#73, 74) and the Government filed its Response on September 20, 2018 (#75).

## OBJECTIONS TO REPORT AND RECOMMENDATION

Defendants raise three objections to the Magistrate Judge's report: (1) the House Affidavit remains a bare bones affidavit; (2) the Magistrate Judge impermissibly relied on the review of other judges, law enforcement officers, and a prosecutor of the House Affidavit in determining whether the good faith exception applied; and (3) a sufficient nexus between the allegedly criminal conduct at Defendants' medical clinic and the Defendants' home still has not been established.

### *Bare Bones Affidavit*

Defendants again argue that the House Affidavit is a bare bones affidavit because it relies "on what [DI Herkert] opines is her *typical* experience, what is her *belief*, and what her practice is" (#73 at p. 1) (emphasis in original). Regarding this issue, the Report and Recommendation explained, "[a] bare bones affidavit is defined as one that contains wholly conclusory statements, [lacking] the facts and circumstances from which a magistrate can independently determine probable cause" (citations and quotations omitted) (#71 at p. 12). As detailed in the Report however, the Magistrate Judge found that the House Affidavit was based not only on DI Herkert's

experience, but also on the facts of the instant investigation included in the affidavit. The Magistrate Judge also continued on to address each of Defendants' arguments as to why, in Defendants' beliefs, the House Affidavit was bare bones, including addressing Defendants' arguments as to insufficient nexus, innocent behavior, and staleness. This objection is overruled.

### Review of the House Affidavit by Others

Defendants next argue that the review of the House Affidavit by two magistrate judges, a prosecutor, and other law enforcement officers should not have factored into and/or played any role in the Magistrate Judge's determination regarding the good faith exception. However, in similar circumstances, other courts have also looked to how many times an affidavit was reviewed in aiding their determination of whether the good faith exception should apply. *See United States v. Payne*, 341 F.3d 393, 401 (5th Cir. 2003) (finding that a reasonably well-trained officer would be entitled to accept the magistrate's determination that "the facts and circumstances described in the affidavit would warrant a man of reasonable caution to believe that the articles sought" could be located in defendant's home where an agent, investigator, detective, U.S. Attorney, and signing magistrate all agreed that probable cause existed) (quoting *United States v. Maestas*, 546 F.2d 1177, 1180 (5th Cir. 1977).

Consider in *Payne*:

> Agent Sutherland, Investigator Beam, and Detective Johnson—a quite experienced investigator—all agreed that probable cause existed, as did the U.S. Attorney with whom Agent Sutherland consulted, as did the magistrate. Given the facts in Agent Sutherland's affidavit, a reasonably well-trained officer would be entitled to accept the magistrate's determination that "the facts and circumstances described in the affidavit would warrant a man of reasonable caution to believe that the articles sought" could be located in [the Defendant's] home. *United States v. Maestas*, 546 F.2d 1177, 1180 (5th Cir. 1977) internal quotations omitted). As we have stated, "few places are more convenient than one's residence for use in planning criminal activities and hiding fruits of

> a crime." *United States v. Green*, 634 F.2d 222, 226 (5th Cir. Unit
> B Jan. 1981) Although this notion does "not provide carte blanche
> for searching a home when one is suspected of illegal activity,"
> *United States v. Pace*, 955 F.2d 270, 277 (5th Cir. 1992), the
> inference before us requires no such unfettered discretion.

341 F.3d at 401. In considering the opinions of the reviewing parties, the Magistrate Judge does not adopt the opinions of "advocates against the [D]]efendant[s]" as argued by Defendants' counsel, but rather notes, as the Court did in *Payne*, that because so many other parties reviewed the affidavit—including a prosecutor, law enforcement officers, and two other magistrate judges— a reasonably well-trained officer would be permitted to rely on the magistrate's authorization of the House Search Warrant. *See United States v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006) ("The good faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization. In conducting the good faith inquiry, the court may examine 'all of the circumstances' surrounding the issuance of the warrant.") (internal citations and quotations omitted).

In addition, Defendants conceded probable cause existed to search the Defendants' medical clinic; thus, at hearing, the primary focus was on the existence, if any, of a nexus between the clinic and Defendants' home sufficient to justify a search of the home. Accordingly, this objection is overruled.

### *Nexus*

To that end, Defendants' argue, as they did at Hearing, that there was not a sufficient nexus to search the Defendants' home. As to the issue of nexus, the Magistrate Judge found that:

> The House Affidavit attempts to establish a nexus between
> Defendants' home and the illegal activity both from direct
> observation (i.e. the results of the investigation) and also "through
> normal inferences as to where articles sought would be located" in

DI Herkert's past experience and training. The investigation established that Defendants' work and personal lives were intertwined—notably the bank documents obtained from the trash runs reflecting the name of the Clinic but the mailing address for Defendants' home as well as the items Defendants' were observed to take from the Clinic into the home—and therefore, it was reasonable to infer…that evidence of the illegal conduct believed to be occurring at the Clinic could be found within the home.

(#71 at p.16). Defendants argue that the Government could have easily retrieved bank records through a grand jury subpoena and therefore, the bank records do not establish a nexus. While the Government may have been able to obtain the bank records through an alternate means, the issue here is whether the bank records found within the trash at Defendants' home, coupled with the other facts detailed in the House Affidavit, created a nexus. Upon independent review, the Court finds that, along with other described results of the investigation, the bank documents found in the trash at Defendants' home reflecting the name of Defendants' clinic, but listing Defendants' home address create a sufficient next to establish that other documents and/or evidence of the alleged crimes would also be found in Defendants' home. This objection is overruled.

In sum, after a thorough review of the record in this matter, and specifically, Defendants' objections, the Court finds that the House Affidavit is not a bare bones affidavit and that a sufficient indicia of probable cause existed to justify a search of the Defendants' home. Accordingly, the evidence seized, as well as the statements of Defendant Lee and the search of the safety deposit box, should not be suppressed.

## CONCLUSION

After conducting a *de novo* review, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, Defendants' objections are overruled, and the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is therefore **ORDERED** that Defendants' Joint Motion to Suppress (#57) is **DENIED**

and Defendants' Joint Motion to Strike Declaration of Susannah Herkert (#68) is **DENIED** as

moot.

**Signed  this date**

**Sep 22, 2018**

_____

MARCIA A. CRONE

UNITED STATES DISTRICT JUDGE