| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:17-CR-9 |
| | § | |
| THEODORE WILLIAM TAYLOR (1), | § | |
| *a/k/a Tad Taylor*, and | § | |
| CHIA JEAN LEE (2), | § | |
| *a/k/a Chia Lee Taylor* | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendants Theodore William Taylor ("Taylor") and Chia Jean Lee's ("Lee") (collectively, "Defendants") Joint Motion to Exclude Testimony of Graves T. Owen, M.D. ("Owen") and Timothy Munzing, M.D. ("Munzing") (#93). Defendants seek to exclude the proposed testimony of Owen and Munzing regarding the standard of care and conduct applicable to professional medical practice, the nature and scope of legitimate medical purposes pertaining to the issuance of prescriptions for controlled substances, and related matters, contending that the proposed testimony is not reliable or relevant as required by Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Having considered the pending motion, the submissions of the parties, and the applicable law, the court is of the opinion that Defendants' request should be denied.

I.  Background

On January 18, 2017, a Grand Jury for the Eastern District of Texas returned a single-count Indictment charging Defendants with violating 21 U.S.C. § 846, Conspiracy to Distribute, Dispense, and Possess with Intent to Distribute and Dispense Controlled Substances. On September 24, 2018, the Government filed its Expert Witness Notice Under Federal Rules of

Evidence 702 and 703 (#81), and Defendants filed the instant motion to exclude the testimony of the Government's expert witnesses. The Government filed its response (#103) on September 25, 2018. The Final Status Conference and trial are set for October 1, 2018.

II.   Expert Witness Testimony

The admission or exclusion of expert witness testimony is a matter that is left to the discretion of the district court. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Koch v. United States*, 857 F.3d 267, 277 (5th Cir. 2017); *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 194 (5th Cir. 2006); *see Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 615 (5th Cir. 2018); *Nano-Proprietary, Inc. v. Cannon, Inc.*, 537 F.3d 394, 399 (5th Cir. 2008). Pursuant to Rule 702 of the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702; *accord Kumho Tire Co.*, 526 U.S. at 152; *Daubert*, 509 U.S. at 588. Prior to admitting expert testimony, "[d]istrict courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999); *accord* FED. R. EVID. 702; *United States v. Haines*, 803 F.3d 713, 727 (5th Cir. 2015), *cert. denied*, 137 S. Ct. 2107 (2017); *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2725 (2014). Accordingly, "[t]o qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier

[of fact] in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)), *cert. denied*, 546 U.S. 1089 (2006); *see Haines,* 803 F.3d at 727.

The trial court possesses considerable flexibility in assessing the reliability of expert testimony. *Kumho Tire Co.*, 526 U.S. at 141; *Williams*, 898 F.3d at 615; *Koch*, 857 F.3d at 277. Given the diverse contexts in which expert testimony is offered, the application of specific factors may not be appropriate in any individual case. *Stolt Achievement, Ltd. v. Dredge B.E. Lindholm*, 447 F.3d 360, 366 (5th Cir. 2006) (citing *Kumho Tire Co.*, 526 U.S. at 147-49). The overarching goal "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152; *Hodges*, 474 F.3d at 194. "The trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed . . . as it enjoys when it decides *whether or not* that expert's relevant testimony is reliable." *Kumho Tire Co.*, 526 U.S. at 152-53; *see Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 402 (5th Cir. 2016) (observing that "the district court has broad discretion to make the fact-specific inquiry in a given case as to whether such an approach is sufficiently reliable").

"[T]he trial court's role as a gatekeeper is not intended to serve as a replacement for the adversary system: Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996)); *accord*

*Williams*, 898 F.3d at 624 (quoting *Daubert*, 509 U.S. at 596). "The *Daubert* analysis should not supplant trial on the merits." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002)). Rather, the court focuses on whether the expert used reliable methods to reach his opinions and "does *not* judge the expert conclusions themselves." *Williams*, 898 F.3d at 623 (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)).

In the present case, Defendants contend that Owen's anticipated testimony is unreliable because Owen reviewed only 20 patient files, cited numerous publications without specifying their relevance, and relied on another expert's opinion. Defendants also argue that Munzing's proposed testimony is not reliable because Munzing reviewed only 7 patient files, relied on articles published after the time period in the Indictment regarding the standard of care in the State of Washington and the State of California, and is licensed to practice medicine in California, not Texas. "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed," including evidence that would be inadmissible "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." FED. R. EVID. 703. Although Defendants challenge the reliability of the techniques used by the Government's proposed expert witnesses to form their opinions, Defendants do not argue that an expert in the particular field would not reasonably rely on information such as a subset of the overall data, another expert's opinion, or articles published at a later date or guidelines regarding the standard of care in another state in forming an opinion. Moreover, Defendants do not explain how Owen's citation to purportedly irrelevant articles renders his opinion unreliable. To the extent that Defendants are challenging Munzing's knowledge of the

4

standard of care in Texas because he is not a licensed Texas practitioner, the court has reviewed Munzing's qualifications and finds them sufficient. Munzing is a physician who has been certified in family medicine by the American Board of Family Medicine, a national organization, since 1985, with over thirty years of clinical experience, including management of patients for pain and attention deficit disorder. In any event, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016) (quoting *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009), *cert. denied*, 559 U.S. 1007 (2010)); *see Daubert*, 509 U.S. at 596.

Defendants also insist that the proposed testimony is not relevant. Expert testimony is relevant when it "assist[s] the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *Daubert*, 509 U.S. at 591; *see* FED. R. EVID. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). The opinion of the Government's experts can be relevant even if that opinion is based on a subset of overall patient records and does not include interviews with employees or patients.

In addition, Defendants claim that testimony regarding Taylor's record keeping practices and the standard of care will not assist the trier of fact in determining whether Taylor participated in or had the requisite intent to participate in a drug trafficking conspiracy. "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04; *see United States v. Brown*, 553 F.3d 768, 791 n.71 (5th Cir. 2008) (citing *United*

5

*States v. Ogle*, 201 F. App'x 979, 980 (5th Cir. 2006), *cert. denied*, 558 U.S. 897 (2009)). Penalties for violating laws relating to controlled substances apply to a person who issues a prescription "not in the usual course of professional treatment." *See* 21 C.F.R. § 1306.04. In order to prove conspiracy to distribute and dispense controlled substances in violation of 21 U.S.C. § 846, as alleged here, the Government has the burden of proving that the physician conspired with one or more persons to issue a prescription for a controlled substance outside the scope of professional practice. *United States v. Bennett*, 874 F.3d 236, 245 (5th Cir. 2017) ("[K]nowingly distributing prescriptions outside the course of professional practice is a *sufficient condition* to convict a defendant under the criminal statutes relating to controlled substances." (quoting *United States v. Armstrong*, 550 U.S. 382, 397 (5th Cir. 2008), *overruled on other grounds by United States v. Balleza*, 613 F.3d 432, 433 n.1 (5th Cir. 2010)); *see Brown*, 553 F.3d at 781. Accordingly, the court is of the opinion that the proposed testimony regarding the standard of care involved in the issuance of lawful prescriptions will assist the jury in determining whether Defendants engaged in a drug trafficking conspiracy, as charged in the Indictment.

Here, the court concludes that both Owen and Munzing are qualified to testify in the above-styled case, and their proposed testimony appears to be relevant and reliable. Defendants' objections regarding the Government's proposed expert witnesses are related to the weight, not the admissibility, of their testimony. *See Williams*, 898 F.3d at 623-24; *Carlson*, 822 F.3d at 199. Any alleged shortcomings voiced by Defendants' counsel may be addressed via rigorous cross-examination at trial. *See Daubert*, 509 U.S. at 596.

III. <u>Conclusion</u>

For the foregoing reasons, Defendants' Joint Motion to Exclude Testimony of Owen and Munzing (#93) is DENIED.

SIGNED at Beaumont, Texas, this 27th day of September, 2018.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE