| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:17-CR-9 |
| | § | |
| THEODORE WILLIAM TAYLOR (1), | § | |
| a/k/a *Tad Taylor*, and | § | |
| CHIA JEAN LEE (2), | § | |
| a/k/a *Chia Lee Taylor* | § | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or

follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against the defendants is not evidence of guilt. Indeed, the defendants are presumed by the law to be innocent. The defendants begin with a clean slate. The law does not require the defendants to prove their innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendants. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of a defendant beyond a reasonable doubt before you can find him or her guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendants beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case, including defendant Taylor. You should decide whether you believe all, some part, or none of what each person had to say, and

how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of a defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## CHARACTER EVIDENCE

Where a defendant has offered opinion testimony concerning that defendant's truth and veracity, honesty, or good character, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## EXPERT OPINION TESTIMONY

During the trial you heard the testimony of Susannah Herkert, a Diversion Investigator with the Drug Enforcement Administration, who expressed opinions concerning controlled substances and investigations relating to controlled substances. You also heard testimony from Dr. Graves Owen and Dr. Timothy A. Munzing, who expressed opinions concerning the proper standard for determining when a prescription written by a physician is for a legitimate medical purpose and in the usual course of professional practice. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may

accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## ON OR ABOUT

You will note that the Indictment charges that the offense was committed on or about specified dates. The government does not have to prove that the crime was committed on those exact dates, so long as the government proves beyond a reasonable doubt that the defendants committed the crime charged in Count One on a date reasonably near January 2010 and continuing through about February 2012, the dates stated in the Indictment.

## VENUE—CONSPIRACY

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Eastern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act by a co-conspirator took place in this district. An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of a criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Eastern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that the following counties are located in the Eastern District of Texas: Anderson;

Angelina; Bowie; Camp; Cass; Cherokee; Collin; Cooke; Delta; Denton; Fannin; Franklin; Grayson; Gregg; Hardin; Harrison; Henderson; Hopkins; Houston; Jasper; Jefferson; Lamar; Liberty; Marion; Morris; Nacogdoches; Newton; Orange; Panola; Polk; Rains; Red River; Rusk; Sabine; San Augustine; Shelby; Smith; Titus; Trinity; Tyler; Upshur; Van Zandt; and Wood.

### CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged. The defendants are not on trial for any act, conduct, or offense not alleged in the Indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

### CAUTION—PUNISHMENT

If the defendants are found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

### MULTIPLE DEFENDANTS—SINGLE COUNT

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

### STATEMENT—VOLUNTARINESS

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his or her treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

## IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendants as perpetrators of the alleged offense.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified.  You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which a defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendants as the perpetrators of the offense charged, you must find the defendants not guilty.

## TRANSCRIPTS OF RECORDINGS

During trial, you viewed video recordings, which have been received in evidence as Exhibits 33, 38, 50, 55, 60, 67, and 72, that displayed typewritten transcripts of the oral conversations which can be heard on the recordings. The transcripts purported to identify the speakers engaged in such conversations.

The transcripts were displayed for the limited and secondary purpose of aiding you in following the contents of the conversations as you viewed the recordings, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcripts correctly or incorrectly reflected the contents of the conversations or the identities of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your viewing of the recordings themselves as the primary evidence of their own contents; and, if you should determine that the transcripts were in any respect incorrect or unreliable, you should disregard them to that extent. It is what you viewed on the recordings that is evidence, not the transcripts.

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These

charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

## ELEMENTS OF THE OFFENSE—21 U.S.C. § 846

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, Count One of the Indictment charges that the defendants did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown to the grand jury to knowingly, intentionally, and unlawfully distribute, dispense, and possess with the intent to distribute and dispense controlled substances outside the usual course of professional practice and without a legitimate medical purpose.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*   That two or more persons, directly or indirectly, reached an agreement to distribute, dispense, or possess with the intent to distribute or dispense substances containing a detectable amount of Oxycodone, substances containing a detectable amount of Amphetamine Salts, substances containing a detectable amount of Hydrocodone, substances containing a detectable amount of Alprazolam, or substances containing a detectable amount of Promethazine with Codeine outside the usual course of

11

>   professional practice or not for a legitimate medical purpose, as charged in the Indictment;
>
> *Second:* That the defendant knew of the unlawful purpose of the agreement; and
>
> *Third:* That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the Indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

A conspirator is responsible for an offense committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

### "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

### DELIBERATE IGNORANCE

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his or her eyes to what would otherwise have been obvious to him or her. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself or herself to the existence of a fact.

### "WILLFULLY"—TO ACT

The word "willfully," as that term has been used from to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

### POSSESSION

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that a defendant had actual or constructive possession, either alone or jointly with others.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## THE INDICTED DRUGS ARE CONTROLLED SUBSTANCES

You are instructed as a matter of law that at all times relevant to the offense charged in the Indictment, the following drugs alleged to have been knowingly, intentionally, or unlawfully distributed, dispensed, or possessed with the intent to distribute or dispense outside the usual course of professional practice or not for a legitimate medical purpose, qualified as controlled substances in the schedules indicated below:

1. Oxycodone was a Schedule II controlled substance;
2. Amphetamine Salts were Schedule II controlled substances;
3. Hydrocodone was a Schedule III controlled substance;
4. Alprazolam was a Schedule IV controlled substance; and
5. Promethazine with Codeine was a Schedule V controlled substance.

## "LEGITIMATE MEDICAL PURPOSE," "USUAL COURSE OF PROFESSIONAL PRACTICE"

In this case, the defendants are charged with conspiring to illegally distribute, dispense, or possess with intent to distribute or dispense controlled substances through writing invalid prescriptions. The Federal Controlled Substances Act, Title 21, United States Code, Section 841(a)(1), makes it a crime for anyone to "knowingly or intentionally . . . manufacture, distribute, or dispense . . . a controlled substance." Medical practitioners registered with the Attorney General and properly licensed under State law, such as physicians, are excepted from this general prohibition, but only to the extent that they distribute or dispense a controlled substance pursuant to a valid prescription.

For a prescription to be valid, the law requires that it be "issued for a legitimate medical purpose by an individual practitioner acting in the course of his professional practice." To demonstrate that a prescription is not valid, the government need only prove either that it was not issued for a legitimate medical purpose or that the prescription was issued outside the usual course of professional practice.

The term "usual course of professional practice" means acting in accordance with the standard of medical practice generally recognized and accepted in the United States. This is an objective standard that considers what is generally recognized in the medical profession, not what an individual practitioner subjectively believes the standard should be.

A controlled substance is prescribed by a physician in the usual course of professional practice, and therefore, lawfully, if the substance is prescribed by him in good faith, medically treating a patient in accordance with a standard of medical practice generally recognized and accepted in the United States. "Good faith" in this context means an honest effort to prescribe for

a patient's condition in accordance with the standards of medical practice generally recognized or accepted in this country.

In making a medical judgment concerning the appropriate treatment for an individual patient, physicians have discretion to choose among a wide range of available options. Therefore, in determining whether a defendant acted without a legitimate medical purpose, you should examine all the defendant's actions and the circumstances surrounding them.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on Count One of the Indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendants guilty beyond a reasonable doubt.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent

recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for the sole count of the Indictment, either "guilty" or "not guilty," as well as the unanimous answers of the jury to the special issues regarding the type(s) and quantity of controlled substances involved, if any. At the conclusion of your deliberations, the foreperson should date and sign the verdict with his or her initials.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, tablet, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, Google+, Twitter, or YouTube to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use electronic or other means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong,

incomplete, or inaccurate. You are permitted to discuss the case with your fellow jurors only during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you not be influenced by anything or anyone outside of this courtroom. This would unfairly and adversely impact the judicial process. I expect you to inform me immediately if you become aware of another juror's violation of these rules.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the courtroom to respond to your inquiry.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on Count One of the Indictment, until after you have reached a unanimous verdict.

SIGNED at Plano, Texas, this 10th day of October, 2018.

Marcia A. Crone
United States District Judge