# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | No. 4:17-cr-09(1) |
| | § | |
| THEODORE W. TAYLOR, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Theodore W. Taylor's Pro Se Motion for Compassionate Release (Dkt. #288) and Pro Se Motion for Compassionate Release (Dkt. #310) (the "Motion").[1] Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

On January 18, 2017, a Grand Jury for the Eastern District of Texas, Sherman Division, returned a one-count indictment against Defendant and one co-defendant (Dkt. #1). The indictment charged both defendants with Conspiracy to Distribute, Dispense, and Possess with Intent to Distribute and Dispense Controlled Substances in violation of 21 U.S.C. § 846. On October 10, 2018, a jury found Defendant guilty of the charged offense with respect to five controlled substances: oxycodone, amphetamine salts, hydrocodone, alprazolam, and promethazine with codeine (Dkt. # 123). On May 3, 2019, Defendant was sentenced to a term of 240 months imprisonment with a subsequent 3-year term of supervised release (Dkt. #154). His

---

[1] Dkt. #310 is a duplicate of Dkt. #288, sent to the Court by Defendant in his belief that the first "may have been lost in the mail" (Dkt. #310-2). Thus, the Court will treat Defendant's request for compassionate release as a single Motion.

conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Fifth Circuit on July 14, 2020 (Dkt. #226). Defendant did not file a petition for a writ of certiorari.

Defendant filed the present Motion for Compassionate Release on March 6, 2026, and the BOP requested that the Motion be denied on April 1, 2026. Without the application of a sentence reduction, Defendant is expected to remain in confinement until October 24, 2034. It now falls on the Court to determine whether compassionate release is warranted.

## LEGAL STANDARD

### I. 18 U.S.C. § 3582(c)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). "Often referred to as 'compassionate release,' § 3582(c)(1)(A) embodies a rare exception to a conviction's finality." *United States v. Wilson*, No. 1:07-CR-236-MAC-CLS-1, 2024 WL 4267923, at *3 (E.D. Tex. Sept. 23, 2024). The statute gives the Court discretion, under certain circumstances, to reduce a defendant's term of imprisonment. *Id.* The First Step Act of 2018, in part, states:

> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for

> the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Pub. L. No. 115-391, 132 Stat. 5194, codified as 18 U.S.C. § 3582(c)(1)(A).[2]

Instead of defining "extraordinary and compelling reasons," Congress delegated its authority to the United States Sentencing Commission ("Commission") to define the term. *See* 28 U.S.C. § 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"); *see also Wilson*, 2024 WL 4267923, at *3 (collecting cases); *United States v. Jean*, 108 F.4th 275, 278 (5th Cir. 2024). "Although the Commission issued a policy statement prior to the passage of the [First Step Act] that described the reasons that qualify as extraordinary and compelling, that policy statement referenced only those motions filed by the Director of the [Bureau of Prisons] . . . ." *Wilson*, 2024 WL 4267923, at *3. Accordingly, the Fifth Circuit held that the policy statement was inapplicable to motions filed by defendants on their own behalf. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

This changed on November 1, 2023, when the amendments to the United States Sentencing Guidelines ("Guidelines") became effective. The Commission amended the Guidelines to extend the applicability of the policy statement set forth in U.S.S.G. § 1B1.13 to defendant-filed motions and to broaden the scope of what qualifies as "extraordinary and

[2] This provision is often referred to as "compassionate release." *See Wilson*, 2024 WL 4267923, at *3 (citing *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

compelling" reasons potentially warranting compassionate release. *Wilson*, 2024 WL 4267923, at *4 (citing U.S.S.G. § 1B1.13). Section 1B1.13(b), as amended, identifies six categories of circumstances that may qualify as "extraordinary and compelling." U.S.S.G. § 1B1.13(b). The categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was a victim of abuse while in custody; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence. *Id.* § 1B1.13(b)(1)–(6). Notably, rehabilitation alone is insufficient to grant a defendant's motion for compassionate release. *Jean*, 108 F.4th at 279.

## II. Exhaustion of Administrative Remedies

Section 3582(c)(1)(A) states that the Court may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement. *Wilson*, 2024 WL 4267923, at *4 (first citing 18 U.S.C. § 3582(c)(1)(A); then citing *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021); and then *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020)).[3] That is, a defendant may not seek relief from a court before first exhausting each administrative avenue available to the defendant. *See Wilson*, 2024 WL 4267923, at *4. "Accordingly, before seeking relief from the [C]ourt, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request." *Id.* (first citing 18 U.S.C. § 3582(c)(1)(A); then citing *Garrett*, 15 F.4th at 338).

[3] The exhaustion requirement applies whether the motion is styled as one for compassionate release or merely for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *Wilson*, 2024 WL 4267923, at *4.

This exhaustion requirement is a "mandatory claim-processing rule," which means a defendant may not waive it himself. *Franco*, 973 F.3d at 468; *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (unpublished) ("Because the statutory language is mandatory . . . we must enforce this procedural rule . . . ."). However, that is not to say the exhaustion requirement can never be waived. Section 3582(c)'s exhaustion requirement is a claim-processing rule—not a jurisdictional prerequisite. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Thus, like other claim-processing rules, "the Government must properly raise the rule before it will be enforced." *Id.* (citation modified); *see also Fort Bend County. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (citation modified) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it . . . But an objection based on a mandatory claim-processing rule may be forfeited if the party asserting the rule waits too long to raise the point."). In turn, if the Government does not invoke the exhaustion requirement, the Court will deem the matter waived for the purposes of a defendant's motion under § 3582(c)(1)(A). *See Ward*, 11 F.4th at 361; *see also United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022) (finding abuse of discretion where the failure to exhaust administrative remedies was raised *sua sponte*).

## III. U.S.S.G.'s Policy Statement

### A. Defendant's medical circumstances (U.S.S.G. § 1B1.13(b)(1))

The Sentencing Commission has enumerated four separate medical circumstances to consider in evaluating a compassionate release request. U.S.S.G. §§ 1B1.13(b)(1)(A)–(D).

First, whether the defendant is "suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory)." *Id.* § 1B1.13(b)(1)(A). Although a life-expectancy prognosis is not required, the provided examples make clear how serious the illness must be:

"metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.* Fifth Circuit precedent is in accord. *See, e.g.*, *United States v. McMaryion,* No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam) ("We have said that a late-stage, terminal prognosis can constitute an extraordinary and compelling basis for a § 3582(c)(1) motion."). Generic conditions like hypertension or high cholesterol are insufficient. *See, e.g.*, *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (finding neither hypertension nor high cholesterol to be terminal conditions); *United States v. Koons*, 455 F. Supp. 3d 285, 291-92 (W.D. La. 2020) (similar, but for high cholesterol, hypertension, and acid reflux).

Second, whether the defendant is "(i) suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(1)(B). This condition must be so severe that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* When the defendant's conditions are "managed effectively by medication and do not substantially diminish the ability of the defendant to provide self-care," the defendant's medical condition is not an "extraordinary and compelling reason[] warranting compassionate release . . . ." *United States v. Love*, 853 F. App'x 986, 987 (5th Cir. 2021) (per curiam) (unpublished) (citation modified).

Third, whether the defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). This subcategory focuses on the lack of resources and medical care available in some correctional facilities. Courts

have found insufficient general complaints about long-term issues without medical proof of the condition or how it is deteriorating. *See, e.g.*, *United States v. Ani*, No. 21-00147, 2024 WL 50775, at *4 (D. Haw. Jan. 4, 2024) ("BOP is providing him with medical care, such as medication. There is no evidence that his medical conditions are deteriorating; that his medical conditions require long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death; or that his ability to care for himself has been seriously diminished."); *United States v. Dessaure-Outlaw*, No. CR 122-023, 2024 WL 83327, at *2 (S.D. Ga. Jan. 8, 2024) (finding general complaints about surgery complication and diabetes insufficient).

Fourth, whether the defendant is in a facility that is "at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority." U.S.S.G. § 1B1.13(b)(1)(D)(i). In addition, the defendant's "personal health risk factors and custodial status" must put them "at increased risk of suffering severe medical complications or death . . . ." *Id.* § 1B1.13(b)(1)(D)(ii). The facility must also be unable to "adequately mitigate[]" the defendant's increased risk "in a timely manner." *Id.* § 1B1.13(b)(1)(D)(iii).

**B. Defendant's age (U.S.S.G. § 1B1.13(b)(2))**

There are three requirements for the defendant's age to constitute an extraordinary and compelling reason for release. First, the defendant must be "at least 65 years old." U.S.S.G. § 1B1.13(b)(2). Second, they must be "experiencing a serious deterioration in physical or mental health because of the aging process." *Id.* Third, the defendant must have "served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.*

**C. Defendant's family circumstances (U.S.S.G. § 1B1.13(b)(3))**

The Sentencing Commission enumerates four potential reasons for a defendant's family circumstances to constitute an extraordinary and compelling reason for release:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "***immediate family member***" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3)(A)–(D) (emphasis added).

Conclusory assertions that the defendant must now serve as the primary caretaker for a family member are insufficient. *See, e.g.*, *United States v. Newman*, No. CR 122-031, 2024 WL 812041, at *2 (S.D. Ga. Feb. 27, 2024) (finding unsupported assertions that defendant's wife was disabled and that his father required caretaking were "conclusory statements" that were "insufficient to carry his burden of persuasion"). Rather, courts require specific evidence of the defendant's need to serve as a primary caretaker. For example, the defendant must prove with medical support that the family member is incapacitated. *See United States v. Zermeno*, No. 1:16-CR-79(1), 2024 WL 4043445, at *4 (E.D. Tex. Sept. 3, 2024) (collecting cases); *United States v. Romano*, 707 F. Supp. 3d 233, 237–38 (E.D.N.Y. 2023) ("Without medical evidence [of

the] father's incapacitation and medical evidence detailing [defendant's] mother's inability to provide his father the necessary assistance, the Court cannot conclude that [the mother] would be an inadequate caregiver."). Statements that a family member is elderly and needs care are insufficient. *Romano*, 707 F. Supp. 3d at 237–38. The defendant must also demonstrate why they are the only available caregiver for that family member. *United States v. Lopez*, No. 23-50404, 2024 WL 244935, at *1 (5th Cir. Jan. 23, 2024) (noting that the defendant "failed to explain why his other siblings could not care for his parents"). There must be a reason for the change in that family member's caretaker status. *Id.* (noting the defendant's failure to "allege the death or incapacitation of any current caretaker").

When the caretaking role relates to minors like children, additional requirements apply. For instance, the defendant must show that they would likely gain custody of the child if released. *See, e.g.*, *Zermeno*, 2024 WL 4043445, at *5 (collecting cases). In such a situation, the court should evaluate whether "release of the inmate to care for the inmate's child is the best interest of the child." U.S. Dep't of Just., Fed. Bureau of Prisons, Program Statement 5050.50 (Jan. 17, 2019).

**D. Victim of abuse (U.S.S.G. § 1B1.13(b)(4))**

Under this section, the defendant must establish that, while in custody, they were a victim of (1) "sexual abuse involving a 'sexual act,' as defined in 18 U.S.C. § 2246(2)"; or (2) "physical abuse resulting in 'serious bodily injury,' as defined in the Commentary to §1B1.1." U.S.S.G. §§ 1B1.13(b)(4)(A)–(B). The abuse must have been inflicted by either a correctional officer, employee, or contractor of the BOP, or "any other individual who had custody or control over the defendant." *Id.* § 1B1.13(b)(4). Finally, the alleged misconduct "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an

administrative proceeding . . . ." *Id.* But if such proceedings are unduly delayed or the defendant faces imminent danger, a formal adjudication is unnecessary. *Id.*

**E. Other reasons (U.S.S.G. § 1B1.13(b)(5))**

The "other reasons" category is a catchall that allows the defendant to "present[] any other circumstance or combination of circumstances" that is "similar in gravity to" the four extraordinary and compelling reasons described in U.S.S.G. §§ 1B1.13(b)(1)–(4). *Id.* § 1B1.13(b)(5).

**F. Unusually long sentences (U.S.S.G. § 1B1.13(b)(6))**

A defendant must meet three requirements under this section. First, the defendant must be serving an unusually long sentence. *See* U.S.S.G. § 1B1.13(b)(6). Second, they must have served at least ten years of that sentence. *Id.* Third, there must have been a change in law that "produce[s] a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.* This section explicitly excludes non-retroactive changes "to the Guidelines Manual." *Id.* And Fifth Circuit precedent precludes considering non-retroactive changes in *any* law. *United States v. Austin*, No. 24-30039, 2025 WL 78706, at *3 (5th Cir. Jan. 13, 2025) ("A non-retroactive change in the law cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1)."). Thus, in this circuit, non-retroactive changes are irrelevant.

**IV. The 18 U.S.C. § 3553(a) Factors**

Section 3553(a) directs courts to consider the following factors: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide

the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guidelines provisions and policy statements; any pertinent policy statement of the United States Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. *Wilson*, 2024 WL 4267923, at *3 n.7 (citing 18 U.S.C. § 3553(a)).

Importantly, the district court has broad discretion in considering these factors. As the Supreme Court has explained, "the 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case . . . .'" *United States v. Rollins*, 53 F.4th 353, 359 (5th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Consistent with the broad discretion granted district courts, the Fifth Circuit has "regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the Section 3553(a) factors can independently support its judgment." *Id.* at 358 (citation omitted). In short, "compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

## V. The Defendant's Burden

In sum, when seeking compassionate release on their own motion, the defendant must demonstrate that: (1) the defendant exhausted administrative remedies; (2) "extraordinary and compelling reasons" justify the defendant's sentence reduction or the defendant satisfies the

requirements of § 3582(c)(1)(A)(ii);[4] (3) the reduction is consistent with the policy statement of U.S.S.G. § 1B1.13; and (4) the court should exercise its discretion to grant the motion after considering the § 3553(a) factors. *Wilson*, 2024 WL 4267923, at *4 (citing *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022); *Shkambi*, 993 F.3d at 392; *Rollins*, 53 F.4th at 358.

**ANALYSIS**

**I. The Exhaustion Requirement**

Before seeking relief from the Court, Defendant is bound by a threshold requirement to exhaust administrative remedies by submitting a request to the warden to move for compassionate release on his behalf, or by waiver following a "lapse of 30 days" after a request to the warden has been made. *Wilson*, 2024 WL 4267923, at *4 (citing 18 U.S.C. § 3582(c)(1)(A)). However, as indicated above, the Court will deem the matter waived if the Government fails to properly raise it as a defense. *See Ward*, 11 F.4th at 361.

Defendant has neither alleged nor proven that he has submitted a request for compassionate release which covers the grounds addressed in the Motion to the warden of his facility. As a result, Defendant has not exhausted his administrative remedies. *United States v. Dodd*, No. 4:13-CR-182-SDJ, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020) ("[Defendant] is foreclosed from obtaining relief if he has not submitted a request for compassionate release based on the circumstances raised in the instant motion to the warden of the facility where he is housed . . . ."). However, the Government did not file a response to the Motion and has not properly

[4] 18 U.S.C. § 3582(c)(1)(A)(ii) states that "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)."

invoked § 3582(c)(1)(A)'s exhaustion requirement. Therefore, the claim-processing rule does not bar Defendant's grounds for compassionate release.

## II. The "Extraordinary and Compelling Reasons" Requirement

To show that "extraordinary and compelling" reasons warrant a sentence reduction, the Court examines whether reduction is consistent with the amended policy statement of U.S.S.G. § 1B1.13. Defendant argues that his Motion should be granted because (1) he is not getting adequate medical care, (2) he needs to take care of his son who has special needs, and (3) he was given an unusually long sentence (Dkt. #288 at 1). None of these grounds are sufficient to support Defendant's Motion.

### A. Medical Care

First, Defendant asserts that his request should be granted because of his medical circumstances. In support of his assertion, Defendant describes himself as a 71-year-old man living with the following medical conditions: type II diabetes, hyperlipidemia, gastroesophageal reflux disease, depression, benign prostatic hypertrophy, hypothyroidism, constipation, arthralgias, cataracts, plantar fasciitis, and diverticulitis, among others (Dkt. #288 at p. 9). The U.S.S.G. provides that a defendant's medical condition constitutes an "extraordinary and compelling" reason when the defendant is "suffering from a terminal illness," or if a serious medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(b)(1)(A-B). A defendant may also meet the relevant standard if they prove that they have a medical condition that "requires long-term or specialized medical care that is not being provided" that puts them at "risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). None of Defendant's medical conditions are "terminal,"

and Defendant has not established that specialized medical care is not being provided to him, as he has been prescribed preventative and remedial medications for his conditions.

While Defendant argues that his medical care is inadequate regarding certain medical conditions (such as his cataracts, diabetic foot pain, increased risk for diverticulitis and obesity), Defendant's medical care has not resulted in a terminal prognosis and shows no signs of putting Defendant at risk of serious health deterioration or death. Nor do the conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(b)(1)(B). Furthermore, BOP records indicate that Defendant is classified as a Medical Care Level 2 inmate, i.e., a stable outpatient with chronic conditions who can independently perform most daily activities. Defendant appears to engage in all normal activities of daily living, and the Motion does not offer evidence that his conditions preclude him from self-care in his correctional facility. Under the circumstances, Defendant's current medical conditions present no extraordinary and compelling reason warranting a sentence reduction or compassionate release.

**B. Familial Relations**

Additionally, Defendant argues that his early release is necessary because his son is having difficulty and requires his help (Dkt. #288). Family circumstances may qualify as extraordinary or compelling reasons when "an immediate family member" is incapacitated and needs the defendant to become their primary caregiver. U.S.S.G. § 1B1.13(b)(3)(D). However, Defendant does not provide any documentation that his son requires a caregiver to address any special medical or mental health needs. Defendant merely states that his son "appears to be depressed" and needs "special guidance and help" (Dkt. #288 at p. 2). These conclusory statements do not allow the Court to make the necessary finding that Defendant's son is incapacitated. *See Newman*, 2024 WL

812041 at *2. Further, Defendant has not offered any reason as to why he personally must become the caretaker of his son. *See Lopez*, 2024 WL 244935, at *1. Therefore, Defendant's family circumstances are insufficient to constitute an extraordinary and compelling reason for release.

**C. Sentence Length**

Finally, Defendant argues that the Court should grant his Motion because his sentence is unusually long. This argument fails because he has not identified any relevant change in the law to "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). Similar arguments in the instant Motion, including allegations pertaining to ineffective assistance of counsel and Defendant's unusually long sentence, are cognizable under 28 U.S.C. § 2255, but not under § 3852(c). *See Escajeda*, 58 F.4th at 187. In fact, as noted by Defendant, this argument is just a summary of his argument from his late § 2255 motion (Dkt. #248), which has been addressed and denied by the Fifth Circuit (Dkt. #308). As a result, Defendant has not established that the length of his sentence constitutes an extraordinary and compelling reason to grant compassionate release.

**III. The § 3553(a) Factors**

The Court further finds that compassionate release is not warranted after considering the applicable factors set forth in § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *Chambliss*, 948 F.3d at 693–94. At the outset of its § 3553(a) analysis, the Court notes that the Motion does not specifically address many of these factors, including the nature and circumstances of the offense, the need to reflect the seriousness of the offense, the need to promote respect for the law and to provide just punishment for the offense, the need to deter criminal conduct, and the need to protect the public. Nevertheless, upon review, the nature and circumstances of Defendant's offense entail his

participation in a conspiracy to distribute, dispense, and possess with intent to distribute and dispense controlled substances, including oxycodone, amphetamine salts, hydrocodone, alprazolam, and promethazine with codeine. Defendant prescribed opioids and other medications to patients who were known abusers of controlled substances, and a jury found that Defendant's issuance of these substances took place outside of the usual course of professional practice or otherwise had no legitimate medical purpose (Dkt. #122 at pp. 14–16; Dkt. #123). Thanks in part to this operation, Defendant's clinic took in cash proceeds of between $3,000 and $9,000 per day. The jury found that Defendant abused a position of trust as a licensed physician, and Defendant was subsequently sentenced to 240 months' imprisonment, the statutory maximum, which was less than the guideline imprisonment range of 292 to 365 months (Dkt. #166 at p. 2). While the nature of Defendant's conduct was non-violent, the Fifth Circuit has recognized that continued drug dealing poses a danger and threat to the community. *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989). Therefore, after considering the nature and circumstances of Defendant's offense, the Court finds compassionate release unwarranted.

Moreover, Defendant has yet to accept responsibility for his actions. In his most recent Compassionate Release Motion, Defendant claims that he "would probably get awards" for his actions if not for the "corrupt prosecutors" in this country (Dkt. #288). Defendant's refusal to recognize the wrongfulness of his actions gives cause for concern as to his future conduct. Similarly, granting compassionate release for Defendant would fail to promote respect for the law and provide just punishment for the offense. In *United States v. Chambliss*, the Fifth Circuit upheld the denial of compassionate release due to the defendant not having served a sufficient portion of the sentence. 948 F.3d at 694. Despite an "extraordinary and compelling reason for a sentence

reduction" and the fact that the defendant "did not present a danger upon release," the Fifth Circuit denied release because the defendant had not served a majority of his sentence, reasoning that his early release would "minimize[] both the impact of [the defendant's] crime and seriousness of the offense. *Id.* at 693–94. Here, Defendant has not served more than half of his sentence. Releasing Defendant at this point in time would minimize the impact and seriousness of his crime and fall short of providing just punishment and adequate deterrence to his criminal conduct. In light of these considerations, the Court denies Defendant's request under the applicable factors set forth in § 3553(a).

## CONCLUSION

It is therefore **ORDERED** that Defendant Theodore W. Taylor's Pro Se Motion for Compassionate Release (Dkt. #288) is hereby **DENIED**.

It is further **ORDERED** that Defendant Theodore W. Taylor's Pro Se Motion for Compassionate Release (Dkt. #310) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 13th day of August, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE